IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

```
CLARENCE TONEY,                    :
                                   :
        Petitioner                 :
                                   :
    v.                             :  CIVIL NO. 3:CV-14-1487
                                   :
UNITED STATES OF AMERICA,          :  (Judge Conaboy)
ET AL.,                            :
                                   :
        Respondents                :
```
_____

### **MEMORANDUM**
### **Background**

Clarence Toney, an inmate presently confined at the State Correctional Institution, Dallas, Pennsylvania (SCI-Dallas), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondents are the United States of America and the Warden, SCI-Dallas.

Petitioner is presently serving a 25 to 60 year term of imprisonment which was imposed by a Pennsylvania state court. Toney's minimum release date on that sentence is September 23, 2017 and his maximum release date is September 23, 2052. See Doc. 1-1, p. 17. Toney correctly states that a federal detainer has been lodged against him as the result of his federal convictions in the United States District Court for the District of New Jersey and the United States District Court for the

1

Central District of California.[1] Toney is not facing any sentence imposed by a judge in this district.

Petitioner's pending action requests a nunc pro tunc designation that the federal sentences which he has not yet begun to serve run concurrently to the Pennsylvania state sentence which he is now serving.  Service of the petition was previously ordered.

Respondent argues that dismissal of the petition is appropriate on the grounds of lack of jurisdiction and failure to exhaust administrative remedies.  See Doc. 6, p. 1.

**Discussion**

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(c)(3).  Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).  Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

---

[1] It appears that the sentences from the two federal convictions were ordered to run concurrently.  See Doc. 6-1, p. 2.

Petitioner does not dispute that he was initially taken into custody by Pennsylvania state officials and was first convicted of a Pennsylvania state offense. See Doc. 1-1, ¶ 3. 18 U.S.C. § 3621(b) authorizes the Federal Bureau of Prisons (BOP) "to designate the place of confinement for purposes of serving federal sentences of imprisonment." Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). Under § 3621(b), the BOP has the authority to recommend that a state prison be designated as the place of service of a federal inmate's sentence in order to make it concurrent with a state sentence being served at the state facility.[2] However, a federal court may not direct that a

---

[2] In pertinent part, § 3621(b) provides:

(b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
 (1) the resources of the facility contemplated;
 (2) the nature and circumstances of the offense;
 (3) the history and characteristics of the prisoner;
 (4) any statement by the court that imposed the sentence--
   (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
   (B) recommending a type of penal or correctional facility as appropriate; and
 (5) any pertinent policy statement issued by the Sentencing Commission pursuant to Section 994(a)(2) of Title 28.

federal sentence run concurrently with a state sentence. Gomori v. Arnold, 533 F.2d 871, 875 (3d Cir. 1976).

In Barden, the BOP refused to consider an inmate's request that his prior place of confinement, a state prison, be designated nunc pro tunc as the place of service of his federal sentence, thereby making the two sentences concurrent. Holding that the BOP had the statutory authority to make such a designation, the Third Circuit Court of Appeals granted habeas relief by directing that the BOP exercise the discretion the statute afforded. As recognized in Barden, § 3621(b) grants the BOP authority to designate a state prison as the place of service of a federal inmate's sentence. Based upon the nature of Petitioner's claim that he is entitled to a Barden-type nunc pro tunc designation, this matter is the type of claim properly brought under § 2241.

The initial argument for dismissal contends that this matter is premature as the BOP is not permitted to compute Toney's sentence until he is relinquished to BOP custody. Respondents also seek dismissal of the Petition on the grounds that Petitioner failed to exhaust his available administrative remedies.

Generally speaking, a federal sentence does not commence until the Attorney General of the United States receives the

4

defendant into custody for service of his or her sentence. United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990). Since Toney is still in state custody, this Court agrees that this action is premature since Petitioner cannot challenge the BOP's calculation of federal sentences which he has not yet begun to serve and which have not yet even been computed by the BOP.

It is well-settled that "[a] federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all available administrative remedies." Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)(emphasis added)" Porter v. Nussle, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). A party is required to exhaust administrative remedies before seeking relief in federal court unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate. Young v. Quinlan, 960 F.2d 351, 356 (3d Cir. 1992). The administrative exhaustion mandate also implies a procedural default component. Spruill v. Gillis 372 F.3d 218, 222 (3d Cir. 2004).

As explained by the Third Circuit Court of Appeals, a procedural default rule "prevents an end-run around the exhaustion requirement." Id. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance

5

system" and encourages inmates to pursue their administrative grievances "to the fullest." Id. Similarly, the Supreme Court has observed that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations. Woodford v. Ngo, 548 U.S. 81 (2006). The Court of Appeals for the Third Circuit has recognized that "[t]here is no futility exception" to the exhaustion requirement. Brown v. Croak, 312 F.3d 109, 112 (3d cir. 2002).

The BOP has a well established three (3) step Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.19. After attempting to informally resolve the issue, a BOP inmate can initiate the first step of the grievance process by submitting "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," within twenty (20) calendar days "following the date on which the basis for the Request occurred." See 28 C.F.R. § 542.14(a). The Warden has twenty (20) calendar days from the date the Request or Appeal is filed in which to respond. Id. at § 542.18.

If not satisfied with the Warden's response, an inmate may appeal on the appropriate form (BP-10) to the Regional Director within twenty (20) calendar days of the date the Warden signed

6

the response.  Id. at § 542.15.  Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed on the appropriate form (BP-11) to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response.  Id. Additionally, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  Id.

The Court of Appeals for the Third Circuit has repeatedly recognized that a federal prisoner must exhaust available administrative remedies before seeking habeas corpus relief in federal court.  Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  The Court of Appeals for the Third Circuit affirmed the dismissal of a § 2241 petition that, like Toney's pending action, had been filed before administrative remedies had been exhausted.  Ridley v. Smith, 179 Fed. Appx. 109, 111 (3d Cir. 2006).

Petitioner acknowledges that federal prisoners are required to exhaust their administrative remedies prior to seeking relief under § 2241[3] and that he initiated this federal habeas corpus action before pursuing a grievance via the BOP's administrative

---

[3] See Doc. 1-1, p. 3.

7

review procedure. Moreover, Petitioner's submissions fails to provide an arguable basis for a determination that he should be excused from the exhaustion requirement.

The parties also acknowledge that Petitioner filed a prior similar § 2241 action with the United States District Court for the District of New Jersey. Toney's earlier petition was likewise dismissed without prejudice on July 15, 2010 until such time as the BOP makes an unfavorable nunc pro tunc designation and Petitioner thereafter fully exhausts his BOP administrative remedies.

Pursuant to the above discussion, Toney's action is premature under the standards developed in Moscato and Ridley. See Murray v. Grondolsky 2009 WL 2044821 *2 (D.N.J. 2009)( dismissal of § 2241 action for non-exhaustion of administrative remedies); Morgan v. Borough of Carteret, 2008 WL 4149640 *5 (D.N.J. 2008) (dismissal for non-exhaustion of administrative remedies). To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process before completing administrative review.

In conclusion, this matter will be dismissed without prejudice. Toney may reassert his pending claims in a new habeas corpus petition after he enters federal custody, receives an unfavorable BOP decision regarding his request for a nunc pro

tunc designation, and fully exhausts his available BOP administrative remedies.

                                                   S/Richard P. Conaboy
                                                   RICHARD P. CONABOY
                                                   United States District Judge

DATED: OCTOBER 14, 2016